IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., § | |
| Plaintiff, § | |
| § | No. 3:11-CV-2928-N (BF) |
| v. § | |
| § | |
| THE HALFTIME BAR GROUP, LLC, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff J&J Sports Productions, Inc.'s ("Plaintiff's") Motion for Default Judgment. (Doc. 15.) Defendants are The Halftime Bar Group, LLC, Individually, and doing business as Halftime Bar and Grill, doing business as Halftime ("Halftime") and Frankie Dewayne Bell, Individually, and doing business as Halftime Bar and Grill, and doing business as Halftime, and doing business as Halftime Sports Bar ("Bell") (together, "Defendants"). The Court recommends that the Motion be GRANTED.

On October 28, 2011, Plaintiff filed its Original Complaint, alleging Defendants illegally intercepted the closed-circuit telecast of the May 2, 2009 "The Battle of the East and West" Pacquiao/Hatton Event, including undercard or preliminary bouts, and exhibited the Event in Defendants' establishment, Halftime Sports Bar (the "establishment"), without permission from Plaintiff and without paying the required licensing fee to Plaintiff. On March 20, 2012, Plaintiff filed a Motion for Substitute Service.

This Court granted the Motion for Substitute Service on May 14, 2012, and Plaintiff effectuated service on Halftime, through the Secretary of State, on July 12, 2012. (Doc. 12.) Plaintiff served Bell by substitute service on the bartender at the establishment on June 5, 2012.

(Doc. 14.) Accordingly, the Court finds that Plaintiff served both Defendants in accordance with the Order granting the motion for substitute service.

On September 10, 2012, Plaintiff moved for entry of default pursuant to Federal Rule of Civil Procedure 55, and the clerk entered a default on September 10, 2012. Where, as here, Defendants have defaulted, the factual allegations of the Complaint are taken as true. Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, and that Plaintiff has elected to seek statutory damages. The Court finds Defendants' violation was committed willfully and for purposes of commercial advantage or private financial gain, and that Plaintiff is entitled to relief for Defendants' violations of the Federal Communications Act.

## **Recommendation**

The Court recommends that the District Court grant Plaintiff's Motion and enter a default judgment granting Plaintiff the requested relief.

SO RECOMMENDED, October 17, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must serve and file written objections within fourteen days after service.  A party filing objections must specifically identify those findings or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).